# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PAUL E. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-01658-JMS-TAB |
| | ) | |
| SHERIFF JOHN LAYTON, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry and Order Dismissing Action

For the reasons explained in this Entry, the complaint fails to state a claim upon which relief can be granted and the action must therefore be dismissed.

### I.

Paul Burton was formerly confined at the Marion County Jail. John Layton is the Sheriff of Marion County.

While Burton was confined in the Jail, he slipped in a puddle of water outside a shower on April 2, 2011. Burton claims to have injured his left shoulder in the ensuing fall and that the entire incident was the result of Sheriff Layton's negligence in permitting the puddle to form over a period of time from a leaky shower.

Burton thus brings this action for damages.

### II.

### A.

Because Burton is a prisoner as defined in 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the

allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

**B.**

Burton's action is brought pursuant to 42 U.S.C. ' 1983. However, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time,'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)), and no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

A viable § 1983 claim is not asserted in Burton's complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(to avoid dismissal under the applicable standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")(internal quotations omitted). Instead, even the complaint itself suggests nothing beyond negligence, which is not sufficient to support liability under § 1983. *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 518 (7th Cir. 2002) ("[O]rdinary negligence by prison officials is not enough to show an Eighth Amendment violation.")(citing *Sellers v. Henman,* 41 F.3d 1100, 1102 (7th Cir. 1994)); *see also LeMaire v. Maass*, 12 F.3d 1444,1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (internal quotation marks and citation omitted).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987)). No such claim is asserted here. Accordingly, the complaint fails to state a claim upon which relief can be granted. *See also Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993)(although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994).

### III.

For the reasons explained in Part II of this Entry, the complaint fails to state a claim upon which relief can be granted. The dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___06/21/2012___

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul E. Burton
DOC# 891018
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN  46168